PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 08/2021)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 28 2022
CLERK, U.S. DISTRICT COURT
By_____
Deputy

Shannon Guess Richardson 21213-078
Plaintiff's Name and ID Number

FMC Carswell
Place of Confinement

CASE NO. 4:22-cv-00998-P
(Clerk will assign the number)

v.

FMC Carswell; Fort Worth, TX.
Defendant's Name and Address

_____
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES  ✗ NO
   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit:_____
      2. Parties to previous lawsuit:
         Plaintiff(s)_____
         Defendant(s)_____
      3. Court: (If federal, name the district; if state, name the county.)_____
      4. Cause number:_____
      5. Name of judge to whom case was assigned: _____
      6. Disposition: (Was the case dismissed, appealed, still pending?) _____
      7. Approximate date of disposition:_____

II. PLACE OF PRESENT CONFINEMENT: FMC Carswell

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   X YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Shannon Guess Richardson (21213-078); FMC Carswell, NCC #68-2; P.O. Box 27137; Fort Worth, TX. 76127

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: FMC Carswell, P.O. Box 27137, Fort Worth, TX. 76127

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Refuses to follow doctor orders for electric wheelchair and forces me to rely on other inmates for mobility.

Defendant #2: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Due to Carswell's gross negligence I am now a parapalegic (confirmed by tests submitted to court) and my left arm is mostly useless (" "). The neurologist who the BOP contracts and is therefore a representative of the BOP has ordered for me to have a electric wheelchair due to my medical conditions. After giving these chairs to 3 women WHO CAN WALK they shut the program down and now I have to rely on other inmates for my mobility. They play favorites and I get taken places and forgotten or I dont get taken at all.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Compell FMC Carswell to follow the BOP neurologist, Dr. Orr's, orders dated 5/19/21 and issue me a electric wheelchair.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
Shannon Dawn Rogers; Shannon Dawn Parker; Shannon Dawn Gross

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
NA

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES  X  NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date sanctions were imposed: _____
   4. Have the sanctions been lifted or otherwise satisfied? ____ YES ____ NO

4

C. Has any court ever warned or notified you that sanctions could be imposed? ____YES  X NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that issued warning (if federal, give the district and division): _____
  2. Case number: _____
  3. Approximate date warning was issued: _____

Executed on: 12-21-22
DATE

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this  21st  day of December , 20 22 .
           (Day)            (month)        (year)

_____
Shannon Guess Richardson
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

**RICHARDSON, SHANNON GUESS** 05/19/2021

**PHYSICAL EXAMINATION:**

**GENERAL:** At the time of my examination, sitting in the chair, she is not having any evidence of acute distress. She cannot move her legs. She has peripheral distal dusky feet. There is mild generalized edema in her feet consistent with disuse edema.

**CARDIAC:** Reveals a regular rate and rhythm with no auscultated murmur. There are no auscultated carotid bruits. Peripheral pulses are 1+.

**NEURO:** She has sensory loss in her legs all the way up to her waist. She does not have any Tinel's sign on the left, but she is complaining that the left arm has some type of pain between the wrist and the elbow. I cannot see any fasciculations in her upper extremities or on her lower extremities distally. There is no Lhermitte's sign on examination. DTRs remain 0/4.

**DIAGNOSTIC IMPRESSION:**
1. Peripheral neuropathy: This was confirmed on EMG in October 2019. Physiatry recommended workup for neuropathy. That is how I came to see this patient on 02/25/2020. Please see that detailed note. I have not seen this patient in followup since because of the pandemic.
2. The cause of this patient's presentation, both the neuropathy which appears to be related to autonomic neuropathy as well causing orthostatic hypertension, as well as possibly the dizziness associated, as well as neuropathic pain may be related to thiamine deficiency or critical illness polyneuropathy. These specific etiologies have not been confirmed. Other causes have not been completely eliminated. I had intended followup on this patient, but because of the pandemic, we were unable to do so. Differential diagnosis includes an extensive number of possible causes for this neuropathy. Please note that my interpretation of the EMG data is based only on my knowledge of EMG findings suggests that this is an axonal sensory greater than motor neuropathy, but it was sensorimotor and predominantly axonal. This suggests some type of toxic metabolic cause. This does not appear to be consistent with CIDP, chronic inflammatory demyelinating peripheral neuropathy, but an LP has not been done.
3. There are also axonal types of CIDP as well.
4. Dementia: She clinically has a dementia that is primarily an amnestic presentation. This may be related to number one if in fact it was caused by a thiamine deficiency. Her thiamine now is replaced.
5. Seizure disorder: This is a childhood onset diagnosis and we just need to increase her Keppra to 1,000 mg b.i.d. at this time. Please obtain an EEG.

**RECOMMENDATIONS:**
1. At this time, I recommend a change to this patient's status because of the fact that she cannot move herself around in the wheelchair and she is unable to stand and transfer. I recommend changing her status to inpatient in the hospital. I recommend she get physical therapy or occupational therapy for passive range of motion.
2. I recommend that she be followed very carefully for the development of DVTs.
3. I recommend that she get an electric wheelchair instead of her manual wheelchair.
4. I recommend that we petition the Federal Bureau of Prisons to start her on Gabapentin 300 mg b.i.d. for neuropathic pain.
5. Please ask Dr. Wimmer to come back and do an EMG specifically on her left upper extremity. We are looking for focal entrapment neuropathy like an ulnar neuropathy or carpal tunnel syndrome.
6. Labs still need to be completed on this patient. Please be sure that the following labs are done prior to my follow-up. I need a B12 level, a methylmalonic acid, a B6 level, a Lyme antibody panel for IgG, a lupus panel. This must include a double stranded DNA Smith antibody. I also need a panel for Sjögren's syndrome to include anti-SSA antibody and anti-SSB antibody. I need a perineoplastic panel that includes anti-Hu antibody. I need a serum copper level and a PT/PTT must be done in order for us to order an LP. Please start this patient

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 13360.16, Administrative Remedy Program, (December 31, 2007), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

| Inmate Name | Richardson, Shannon | Register Number | 21213-078 |

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred.

   It has been determined by Dr. Parra and Dr. Orr (neurology) a power wheelchair is medicaly necesary because my condition is worse and my left arm is going out completely - as confirmed by a EMG and therefore canot be denied as a serious medical need and handicap. I have a wheelchair pusher ordered on my mos form but theres only one working at a time and usualy busy or not around when I need help and I get stuck.

2. Briefly state the action you request to resolve your complaint.

   To get a power wheelchair as ordered by doctors to be medicaly necesary for my condition.

3. Briefly state the action(s) you have taken and with whom you have spoken to resolve your complaint.

   I talked to Dr. Parra, Dr. Orr, OT Williams, Mr. Bartlet. I am told the budget doesnt alow them to give any more of these chairs But if its medicaly ordered and necesary and this is a "medical" facility why am I being denied the right to/of mobility.

4. GIVE THIS COMPLETED FORM TO YOUR UNIT COUNSELOR FOR RESPONSE.

TO BE COMPLETED BY STAFF          Date Received by Counselor for Response _____

5. Summary of investigation (place response on this form): The FMC Carswell Mobility Committee has decided to implement a Transport inmate program in lieu of motorized wheelchairs for patients needing transport assistance. There are currently 2 transport inmates on your unit, as well as Inmate Nurse Assistants around the clock to assist with transport needs.

6. What actions were taken to resolve this matter informally (place response on this form):

   Discussed the Mobility Committee's decision and the Transport Inmate Program with Inmate Richardson.

7. Explain reasons for no resolution (place response on this form): Inmate does not agree with the decision of the Mobility Committee

Date & Time Issued BP 8.5 _____   Unit Team Member: _____

Date & Time Inmate Returned BP 8.5 _____   Unit Team Member: _____

Date & Time Investigation on BP 8.5 Completed and BP-9 (BP229(13) Issued: _____

Unit Manager/Camp Administrator Signature: _____

On _____ (date), this issue was informally resolved.

Inmate Signature _____   Date _____

Distribution: (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing. (2) If complaint is NOT informally resolved, for the original (attached to BP-9 form) to the BP-9 Coordinator's box in the Warden's Office

| Richardson, Shannon | 21213-078 | F04-681L |
|---|---|---|
| INMATE NAME | REGISTER NUMBER | UNIT |

This is in response to your request for Administrative Remedy # 1116729-F1, received in the Warden's Office on April 12, 2022, wherein you stated you were denied an electric wheelchair for mobility.

An investigation into this matter revealed the FMC CRW Mobility Committee has implemented the Transport Inmate Program (TIP) for patients needing transport assistance. There are currently two (2) transport inmates in your unit, as well as Inmate Nurse Assistants (INA) around the clock to assist you with transport and transfers. At this time, the electric wheelchair is not warranted for your mobility.

Based on the above information, your request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, South Central Regional Office, 344 Marine Forces Drive, Grand Prairie, Texas 75051. Your appeal must be received in the South Central Regional Office within 20 days of the date of this response.

_____   8/2/22
M. D. Smith, Warden                Date

Shannon Guess Richardson
#21213-078
FMC Carswell, NCC #68-2
P.O. Box 27137
Ft. Worth, TX. 76127

NORTH TEXAS TX P&DC
DALLAS TX 750
23 DEC 2022 PM 7

RECEIVED
DEC 28 2022
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TX

21213-078
Eldon B Mahon Us Courthouse
501 W 10TH ST
Room 310
FORT Worth, TX 76102
United States

76102-364185