UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SHANNON GUESS RICHARDSON,
(BOP No. 21213-078),

    Plaintiff,

vs.            Civil Action No. 4:22-CV-998-P

FMC Carswell,

    Defendants.

### OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate/plaintiff Shannon Guess Richardson's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After reviewing the amended complaint and more definite statement, the Court concludes that Plaintiff's claims against FMC-Carswell must be dismissed, but that she may amend her complaint to re-state a claim under the Federal Tort Claims Act (FTCA).

### BACKGROUND/PLAINTIFF'S PLEADINGS

Richardson initiated this action by filing a handwritten document with exhibits construed as a civil-complaint. ECF No. 1. Consistent with a Miscellaneous Order of this Court, Richardson was directed to complete and file her claims on a form civil-rights complaint, which she did by filing an amended complaint. ECF Nos. 10 and 11. The Court then directed her to file a more definite statement, answering the Court's questions about her claims. Order for More Definite Statement (MDS) 1-3, ECF No. 12. Richardson complied. MDS, ECF No. 13.

In the amended complaint, Richardson complains that BOP officials at FMC-Carswell "refused to follow doctor orders for electric wheelchair [forcing her] to rely on other inmates for mobility." Am. Compl. 3, ECF No. 11. She claims that as a result of "Carswell's gross negligence "I am now a paraplegic." *Id.* at 4. In response to the Court's question about whether she alleged a constitutional violation, Richardson wrote:

> I allege violations of the 8th Amendment of the Constitution of the United States. FMC Carswell's refusal of a medically necessary and doctor ordered medical equipment (electric wheelchair) has caused further injury and deterioration of my well documented damaged left arm caused by FMC Carswell's initial neglect (as documented in my current malpractice lawsuit against FMC Carswell).

MDS 1, ECF No. 13. She also alleges physical injury "as a result of FMC Carswell's refusal to follow doctor orders in issuing me an electric wheelchair" in that her "left arm has sustained further damage from further strain and use and am in danger of total paralysis of my left arm as detailed by neurology." *Id.* at 2. She also claimed that she has "gone to sick call repeatedly and received no help or relief." *Id.* When the Court asked Richardson to explain whether she stated any facts of deliberate indifference, she provided the following:

> I do believe the facts I have provided in response to other questions amounts to a failure to provide reasonable care/negligence. I also believe it amounts to deliberate indifference to my medical needs as my well-documented injuries and deterioration of my left arm (and proven by tests-attached) have gone ignored and doctor orders have been ignored for an electric wheelchair. I continue to deteriorate and per neurology am in danger of losing the use of my left arm completely. Yet FMC Carswell continues to refusal me a doctor ordered electric wheelchair even though they have been given to people who can walk, they have BOP doctor orders to give me one, and my left arm continues to deteriorate (as shown in my EMG test results-attached). I am being denied mobility. Deliberate indifference is "an extremely high standard to meet, and a correctional officer displays deliberate indifference only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. . . . The attached tests show FMC Carswell had proof of my left arm damage at least 2 years ago and my lower extremity paralysis at least 4 years ago and failed to abate further harm.

*Id.* at 3-4, ECF No. 13.

2

Noting that she had named as the only defendant FMC-Carswell, the Court asked Richardson if she sought to name any other defendant, and she responded "I do not wish to name any other defendants beside FMC-Carswell." *Id*. at 1.

The Court, noting Richardson's claims of "gross negligence," asked if she sought to pursue a claim under Federal Tort Claims Act (FTCA), and Richardson provided this response:

> I do have a claim for recovery of monetary damages under the Federal Tort Claims Act and a malpractice lawsuit against FMC-Carswell for malpractice but not for my claim for an electric wheelchair. I do not plan to file a claim for that other than this one.

*Id.* at 2.

**STANDARD OF REVIEW UNDER § 1915A and § 1915(e)(2)(B)**

Plaintiff Richardson is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, her pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Richardson is proceeding *in forma pauperis*, her pleadings are also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right

to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### A. Claims Stated Only Against FMC-Carswell

As noted, Richardson has recited all of her claims against as defendant FMC-Carswell. Am. Compl. 1,3, ECF No. 11. More particularly, when the Court asked her if she sought to "name any other defendant," and "state facts that relate to that defendant's involvement in [her] claims," Richardson answered "I do not wish to name any other defendants besides FMC-Carswell." Order for MDS 2, ECF No. 12; MDS 1, ECF No. 13.

It is settled law, however, that a federal prison like FMC-Carswell is not a legal entity amenable to suit. *See Duhaney v. Gusman*, No. Civ. A. 06-3518, 2009 WL 1607915, at *3 (E,.D. La. June 2, 2009) (FDC-Houston is not a legal entity amenable to suit); *Christy v. Federal Bureau of Prisons*, No. Civ. A. 09-3044-SAC, 2009 WL 961388 at *2 (D. Kan. Apr. 8, 2009) (U.S.P. Leavenworth is not a legal entity suable for civil rights violations) (citing *Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D. N.Y. 1994)); *Nolan v. Hamidullah*, No. Civ. A. 4:07-1141-JFA-TER, 2007 WL 1726447 at *3 (D.S.C. Jun. 12, 2007) (FCI-Estill is not a proper party in a *Bivens* action). Therefore, Richardson's claims sought against her federal prison facility FMC-Carswell are frivolous and fail to state a claim upon which relief can be granted.

### B. Claim Under the FTCA

Richardson also informed the Court, however, that she intended to assert a claim for monetary damages under the FTCA on the basis of alleged medical malpractice. MDS 2, ECF No. 13. The FTCA waives the United States's sovereign immunity from tort suits. *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (citing 28 U.S.C. § 2674)). Because the FTCA provides such a waiver, the limitations and conditions upon which the government consents to be sued must be construed strictly in favor of the United States. *Atorie Air, Inc., v. Federal Aviation Administration*, 942 F.2d 954, 957 (5th Cir. 1991)(*citing Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). In order to sue successfully

under the FTCA, "a plaintiff must name the United States as the sole defendant." *McGuire*, 137 F.3d at 324 (citing *Atorie Air, Inc.*, 942 F.2d at 957)). As FMC--Carswell is not a proper defendant in a suit under the FTCA, to the extent Richardson wishes to maintain a claim against the United States under the FTCA in this action, she must notify the Court by filing an amended complaint, naming as the sole defendant the United States of America, and reciting against the United States only the factual allegations supportive of her claim for FTCA relief, within thirty days of the date of this order.

## CONCLUSION and ORDER

It is therefore **ORDERED** that all of plaintiff Shannon Guess Richardson's claims in this case, except any claim under the Federal Tort Claims Act related to medical care at FMC–Carswell , are **DISMISSED WITH PREJUDICE** under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further **ORDERED** that if Richardson seeks to maintain a claim under the FTCA against the United States in this case, she must file an amended complaint in accordance with the terms of this Order within thirty days.[1] **Failure of Plaintiff Richardson to timely file an amended complaint in accordance with this order could result in the dismissal of Plaintiff's remaining claims without further notice.**[2]

**SO ORDERED** this **11th day** of **July, 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1]. The clerk of Court is directed to send Richardson a copy of the Court's prisoner complaint form with the case number stamped thereon.

[2]. *See* Fed. R. Civ. P. 41(b).

5